```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF MISSISSIPPI
                 WESTERN DIVISION
```

**UNITED STATES OF AMERICA**                                      **PLAINTIFF(S)**

**V.**                              **CIVIL ACTION NO. 5:11cv117-DCB-RHW**

**MARKUS BRENT STANLEY**                                          **DEFENDANT(S)**

<u>ORDER</u>

Before the Court is the Defendant's Demand for Jury Trial [**docket no. 63**], which the United States opposes. Having carefully considered the parties' arguments and applicable law, the Court finds that Stanley's demand for a jury trial should be denied.

First, Stanley does not have a constitutional right to a jury trial on the dischargeability of Stanley's debt for the years 1998-2004,[1] and therefore his demand for a jury on this issue will be denied. <u>Matter of Merrill</u>, 594 F.2d 1064, 1068 (5th Cir. 1979); <u>see also</u> <u>In re Swope</u>, 466 F.2d 936, 938 (7th Cir. 1972) ("[T]here is no constitutional or statutory right to jury trial on the issue of dischargeability") (internal citations omitted). Second, even though Stanley does have a right to a jury trial on the *liability and amount* for the tax years 1998-2004, <u>Matter of Merrill</u>, 594 F.2d at 1068, that right can be waived. <u>See</u> <u>McCune v. U.S. Dept. of Justice</u>, 2013 WL 2244341, at *1-*2 (S.D. Miss. May 21, 2013) (quoting Federal Rules of Civil Procedure 38 and 39). Here, Stanley

---

[1] The Court's Order was unclear as to whether the year 2005 is still in dispute. It is not. Stanley's liabilities for 2005 *were not* discharged pursuant to 11 U.S.C. § 507(a)(8)(i) and 11 U.S.C. § 523(a)(1)(A).

waived that right by not demanding it within fourteen days after the final pleading. See id. The Court's April 25, 2013 Order narrowed the remaining issue to whether Stanley's taxes for the years 1998-2004 were discharged in bankruptcy, but to the extent that Stanley disputes the liability and amount claimed by the United States, the Court can decide these issues as a part of its findings of fact.

Accordingly,

**IT IS HEREBY ORDERED THAT** Defendant's Demand for Jury Trial [**docket no. 63**] is **DENIED**.

So **ORDERED,** this the 18th day of June, 2013.

                                            /s/ David Bramlette
                                        **UNITED STATES DISTRICT JUDGE**