```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION

UNITED STATES OF AMERICA                                PLAINTIFF

VS.                         CIVIL ACTION NO. 5:11-cv-117(DCB)(MTP)

MARKUS BRENT STANLEY                                    DEFENDANT
```

ORDER

This cause is before the Court sua sponte in light of the defendant's notice of appeal and intent to seek emergency stay. See docket entry 87.

On July 10, 2013, this Court entered an Opinion and Order addressing several motions filed by the defendant. See docket entry 85. On July 11, the defendant filed a motion to stay and application for a certificate of appealability for the purpose of filing an interlocutory appeal from the Court's Opinion and Order. See docket entries 86 and 87. The defendant failed to identify an appropriate ground on which the Court could properly certify the Opinion and Order for interlocutory appeal, and in fact failed to mention a single issue for which he sought certification. Three factors must be considered in deciding if an order qualifies for interlocutory appeal: (1) whether a "controlling question of law" is at issue; (2) whether there is a "substantial ground for difference of opinion"; and (3) whether an appeal from the order "may materially advance the ultimate termination of the litigation." 28 U.S.C.A. § 1292(b). The defendant did not address any of these factors in his motion to appeal and for stay. The

Court therefore denied the motions.  See docket entries 88 and 89.

The defendant now seeks to appeal the July 10, 2013, Opinion and Order.  As a general rule, once a notice of appeal is filed, jurisdiction is no longer vested in the district court.  <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56, 58 (1982).  There are, however, exceptions to this general rule.  One is that "a premature notice of appeal does not divest the district court of jurisdiction."  <u>Mondrow v. Fountain House</u>, 867 F.2d 798, 800 (3rd Cir. 1989).  If the notice of appeal is clearly premature, the district court should continue to exercise its jurisdiction in order to avoid delay at the trial level.  <u>Id</u>.

"[A]ppeals may only be taken from final decisions, subject to certain exceptions carefully enunciated in the statutes, court rules, and cases construing them."  <u>Miller v. Brown</u>, 2013 WL 1346710, *1 n.1 (S.D. Ga. April 3, 2013)(citing 28 U.S.C. §§ 1291-1292; Fed.R.Civ.P. 54).  Since the July 10, 2013, Opinion and Order was not a final, appealable decision, the defendant's notice of appeal is premature and "does not divest the district court of jurisdiction over the case."  <u>United States v. Kapelushnik</u>, 306 F.3d 1090, 1094 (11th Cir. 2002).

This Court therefore retains jurisdiction over these proceedings.  This case will proceed according to the pretrial and trial schedule despite the notice of appeal.  The Court's decision to go forward is not, however, in any way in derogation of the

jurisdiction of the Fifth Circuit Court of Appeals, and does not impinge on the ability of the Court of Appeals to consider the issue de novo.  See Conklin v. Anthou, 2011 WL 2651864, *7 and n.5 (M.D. Pa. June 16, 2011)(citing United States v. Leppo, 634 F.2d 101, 105 (3rd Cir. 1980); 28 U.S.C. § 1651 (providing for petition for writ of mandamus or prohibition); Fed.R.App.P. 8 (providing for motion to stay proceedings pending appeal)).

    Accordingly,

    IT IS HEREBY ORDERED that this case will proceed according to schedule unless directed otherwise by the Court of Appeals.  The parties are expected to comply with all orders and deadlines issued by the Court.

    SO ORDERED, this the 16th day of July, 2013.

                                          /s/ David Bramlette
                                          UNITED STATES DISTRICT JUDGE